## Moyer's Estate.

*Decedents' estates — Citation to account — Federal Employers' Liability Act—Distribution.*

A petition for a citation on an administrator to file an account will be denied where the only fund in hand is a sum realized on a suit under the Federal Employers' Liability Act of April 22, 1908, 35 Stat. at L. 65, as such sum is not a part of the decedent's estate, and, for distribution of the fund, the beneficiaries have a remedy in equity or in the Orphans' Court.

Petition for citation to account. O. C. Lehigh Co., File No. 18,905.

*Robert S. Taylor,* for petitioner; *Edwin K. Kline,* for administratrix.

IOBST, J., June 20, 1927.—This is a petition for a citation to the administratrix to file her account in the above estate.

It is admitted that Raymond J. Moyer at the time of his death was a resident of Bethlehem, Lehigh County, Pennsylvania, on June 15, 1925, leaving to survive him his widow, Emily Moyer, and three minor children; that letters of administration in the estate were granted by the Register of Wills of Lehigh County to the widow, Emily Moyer, on Sept. 14, 1925; that the said Emily Moyer, as administratrix of the estate of Raymond J. Moyer, deceased, instituted an action in the United States District Court for the District of New Jersey against the Reading Company for fatal injuries sustained by the said Raymond J. Moyer while employed by the said Reading Company, which suit was brought under the Federal Employers' Liability Act of April 22, 1908, 35 Stat. at L. 65, and at the trial on or about Oct. 30, 1926, received the sum of $17,000 in settlement of said suit for the benefit of the widow and the children of the deceased, as provided for in the Federal Act. In addition to the amount so received, the answer of the administratrix admits that decedent left a personal estate amounting to $400, which latter amount is insufficient to pay the funeral expenses and her allowable exemption. The petitioner is the guardian of the minor children and presumes that the amount recovered from the railroad, to wit, the said sum of $17,000, forms a part of decedent's estate for which the administratrix is liable to account to this court for final distribution. If this be the law, then the amount recovered would, of course, be first liable to the claims of creditors of the decedent. But the Federal Act, under which suit was instituted and recovery had, provides "that every carrier shall be liable in damages, in case of death of an employee, resulting in whole or in part from negligence, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents, and, if none, then of the next of kin dependent upon such employee."

It would be a novel mode of administering relief to decedent's dependents to appropriate the means intended for their relief to the payment of decedent's debts.

As the money in question was never a part of decedent's estate, she, the administratrix, is not accountable therefor in this court, and as the amount of the personalty in her hands belonging to his estate, not totaling more than $400, is insufficient to pay funeral expenses and her widow's exemption, it, is needless to impose upon her, in her poverty, the costs and expenses of preparing and filing an account. The petition for an order to file the same and for the account are dismissed. See Engles's Estate, 21 Pa. C. C. Reps. 299; Kober's Estate, 17 Dist. R. 184.

The trust under which the widow, as the personal representative, holds the damages recovered in her action may be enforced by the petitioner, as guardian of the minor children, in another proceeding. Either party may go into chancery for instructions as to the distribution of the trust fund which is to be distributed in accordance with the provisions of the Federal Act, or they may proceed in the Orphans' Court for the distribution of the recovery among the beneficiaries, as above indicated. See 17 Corpus Juris, 1226, § 69. The costs of this proceeding to await final disposition of the fund.

*Decree.*—Now, June 20, 1927, the petition for a citation is denied.

From Edwin L. Kohler, Allentown, Pa.